UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

FELIX RAMIREZ,

                   Plaintiff,

         v.                           3:25-CV-1525 (SFR)

AKINA RICHARDS, JANE OR JOHN DOES # 1
AND # 2

                   Defendants.

---

**INITIAL REVIEW ORDER**

Plaintiff Felix Ramirez, currently incarcerated at MacDougall-Walker Correctional Center ("MacDougall"),[1] has filed a complaint under 42 U.S.C. § 1983. He maintains that MacDougall medical staff failed to provide appropriate treatment for his cancer, diabetes, and high blood pressure. For reasons that follow, Ramirez's Eighth Amendment deliberate indifference to serious medical needs claim may proceed against Akina Richards and Jane or John Doe #1. All other claims are dismissed.

## I.    FACTUAL BACKGROUND

Although I do not set forth all the facts asserted in Ramirez's complaint, I will summarize his basic factual allegations here to give context to my ruling below.

Ramirez is currently held at MacDougall. Compl., ECF No. 1 ¶ 5. Medical staff diagnosed Ramirez as having cancer, diabetes, and high blood pressure (hypertension) after he

---

[1] Ramirez was admitted to the Department of Correction ("DOC") in May of 2011 to serve a 30-year sentence. DOC, *Inmate Information*, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=373359 (last visited May 13, 2026). I may may take judicial notice of content on this website. *See Costa v. Kocaqi*, No. 3:24-cv-01586 (KAD), 2025 WL 1207538, at *2 n.3 (D. Conn. Apr. 25, 2025).

entered DOC. *Id.* ¶ 10. Akina Richards is a Primary Care Provider on staff at MacDougall. *Id.* ¶ 6. Richards "rushed Ramirez out of the highly limited visits that she has granted him" instead of "signing Ramirez up for routine monitoring of his high blood pressure" or having "educational discussions" with Ramirez "regarding the many available options" for treatment. *Id.* ¶ 13. Ramirez reported to Richards on "numerous occasions" that he was "suffering from extreme anxiety and depression from her failure to adequately and meaningfully monitor his blood pressure and cancer." *Id.* ¶ 12.

Ramirez also saw Jane or John Doe #1 ("Doe #1"), a Primary Care Clinician providing mental health services, "on several occasions." *Id.* ¶¶ 7, 14. During these visits, Ramirez spoke to Doe #1 about "suffering from extreme stress and anxiety and depression[ ] due to his medical conditions." *Id.* ¶ 14. Ramirez made "specific requests" to Doe #1 "to receive some form of medication to offset his degrading mental state." *Id.* Doe #1 "brushed off [Ramirez's] concerns," and "simply told [Ramirez] that he will be called back down in 30[-to-]90 days to assess his state of mind at that time." *Id.* ¶¶ 14-15.

Ramirez's "state of mind has not improved," he "continues to degrade," and he "has been left to suffer needlessly." *Id.* ¶ 16. Ramirez has submitted Inmate Request Forms to his housing unit's medical mailbox seeking an appointment with Richards or Doe #1. *Id.* ¶ 17. Jane or John Doe #2 ("Doe #2"), a member of the medical staff, *id.* ¶ 8, has received "many" of these requests, *id.* ¶ 17. Instead of scheduling an appointment for Ramirez to see Richards or Doe #1, Doe #2 scheduled Ramirez to see medical staff at the registered nurse sick call. *Id.* This delayed Ramirez from seeing Richards or Doe #1 because the duty nurse at the sick call merely told Ramirez that he would be placed on a list to be seen by Richards or Doe #1. *See id.* ¶¶ 18-19. It has sometimes taken multiple visits to see the duty nurse before Richards or

Doe #1 could see Ramirez. *See id.* ¶ 20. This process would "drag[ ] out by many months." *Id.* ¶ 21.

As a result of lacking medical treatment, Ramirez now "suffer[s] many sleepless nights," "panic attacks," "anger, hostility[,] and violent explosions of emotion," and "extreme concerns and frustrations that he is reaching the limits of his mental coping capacity." *Id.* ¶ 25.

## II.    LEGAL STANDARD

I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b). In doing so, I must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[ ]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I have thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations under 28 U.S.C. § 1915A. Based on this initial review, I order as follows.

3

### III.    DISCUSSION

In construing the complaint to raise the strongest claims it suggests, *Abbas*, 480 F.3d at 639, I understand Ramirez's complaint to raise a deliberate indifference to serious medical needs claim under the Eighth Amendment. *See* Compl. ¶¶ 27-28.

### A.    Deliberate Indifference to Serious Medical Needs

The Supreme Court has held that deliberate indifference by prison officials to a plaintiff's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). There is a subjective and an objective component to an Eighth Amendment claim for deliberate indifference. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006), *abrogated on other grounds as recognized by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023).

To establish the objective component of an Eighth Amendment deliberate indifference claim, the alleged deprivation of medical care must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The plaintiff must "show that he was 'actually deprived of adequate medical care' by an official's failure 'to take reasonable measures in response to a [sufficiently serious] medical condition.'" *Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (summary order) (alterations in original) (quoting *Salahuddin*, 467 F.3d at 279-80).

The objective showing requires a court to make two inquiries. *See Salahuddin*, 467 F.3d at 279. First, I must determine whether the plaintiff was "actually deprived of adequate medical care." *Id.* A "prison official's duty is only to provide reasonable care[,]" so "prison officials who act reasonably in response to an inmate-health risk cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.* at 279-80 (internal quotation marks and alterations omitted). Second, I must determine "whether the inadequacy in medical care is sufficiently

4

serious," which requires examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the [plaintiff]." *Id.* at 280. This will differ based on whether the issue is failure to provide *any* medical treatment, inadequate treatment, or delayed treatment. *See Smith v. Carpenter*, 316 F.3d 178, 184-86 (2d Cir. 2003). This inquiry is "necessarily contextual," "fact-specific," and "must be tailored to the specific circumstances of each case." *Id.* at 185 (internal quotation marks and alterations omitted).

"[I]f the unreasonable medical care is a failure to provide any treatment for a [plaintiff's] medical condition, courts examine whether the [plaintiff's] medical condition is sufficiently serious." *Salahuddin*, 467 F.3d at 280 (citing *Smith*, 316 F.3d at 185-86). Deciding whether a condition is sufficiently serious requires courts to consider whether "a reasonable doctor or patient would find it important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." *Id.* (internal quotation marks and alterations omitted) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000).

If treatment is given but the plaintiff alleges it is inadequate, "the seriousness inquiry is narrower." *Salahuddin*, 467 F.3d at 280. I then focus on the "inadequacy itself." *Valdiviezo v. Boyer*, 752 F. App'x 29, 32 (2d Cir. 2018) (summary order) (citing *Salahuddin*, 467 F.3d at 280). If "the basis for a [plaintiff's] Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* . . . rather than the [plaintiff's] *underlying medical*

*condition* alone" to determine whether the deprivation is objectively sufficiently serious. *Smith*, 316 F.3d at 185 (emphasis in original).

To satisfy the subjective component of an Eighth Amendment deliberate indifference claim, a defendant must have been actually aware of a substantial risk that the plaintiff would suffer serious harm because of the defendant's actions or inactions. *See Salahuddin*, 467 F.3d at 280. Deliberate indifference is more than mere negligence—it is equivalent to "criminal recklessness," where an individual "disregards a risk of harm of which he is aware." *See Farmer v. Brennan*, 511 U.S. 825, 837, 839-40 (1994). In general, medical malpractice does not equate to deliberate indifference. *Estelle*, 429 U.S. at 106. Medical malpractice, may, however, rise to deliberate indifference if it "involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d at 703 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). "The reckless official need not desire to cause such harm or be aware that such harm will surely or almost certainly result. Rather, proof of awareness of a substantial risk of the harm suffices." *Salahuddin*, 467 F.3d at 280.

Applying these principles here, I first decide whether any defendant "actually deprived [Ramirez] of adequate medical care." *Id.* at 279. I will assume from Ramirez's allegation that Richards "rushed" Ramirez through medical visits instead of ordering routine monitoring of Ramirez's blood pressure that Richards deprived Ramirez of adequate medical care for his hypertension. *See* Compl. ¶ 13. I will also assume from Ramirez's allegation that Doe #1 "brushed off [Ramirez's] concerns" instead of providing medication that Doe #1 deprived Ramirez of adequate medical care for his "extreme stress," anxiety, and depression. *See Id.* ¶ 14.

6

With these assumptions, I must next consider "whether the inadequacy in medical care is sufficiently serious," which requires an examination of "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the [plaintiff]." *Salahuddin*, 467 F.3d at 280. Because Ramirez's complaint does not suggest that he ever received treatment for his hypertension or mental health conditions, I construe his complaint to allege a failure to provide any medical treatment. As such, I must examine "whether the inmate's medical condition is sufficiently serious." *Id.*

I will assume, for purposes of initial review, that Ramirez's hypertension is "sufficiently serious." *See Man Zhang v. City of New York*, No. 17 Civ. 5415 (JFK), 2018 WL 3187343, at *8 (S.D.N.Y. June 28, 2018) (concluding that medical condition consisting of "hypertension and cardiovascular disease" was "sufficiently serious"). I will also assume that Ramirez's "extreme stress," anxiety, and depression is "sufficiently serious." *See Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019) (noting that "[d]epending on their severity, psychiatric or psychological conditions can present serious medical needs in light of our contemporary standards"); *Young v. Choinski*, 15 F. Supp. 3d 194, 199 (D. Conn. 2014) (observing that "severe depression or anxiety attacks have been viewed as 'sufficiently serious'"). Accordingly, the objective component is satisfied as to Richards and Doe #1.

To satisfy the subjective component, Ramirez must allege facts suggesting that a defendant was actually aware of a substantial risk that the plaintiff would suffer serious harm because of the defendant's actions or inactions. *See Salahuddin*, 467 F.3d at 280. According to the Complaint, Ramirez told Richards on "numerous occasions" that he was "suffering from extreme anxiety and depression from [Richards's] failure to adequately and meaningfully monitor [Ramirez's] blood pressure and cancer." Compl. ¶ 12. Ramirez similarly told Doe #1

that he was "suffering from extreme stress and anxiety and depression[ ] due his medical conditions." *Id.* ¶ 14. Because Richards was aware of the risk that Ramirez's mental health would deteriorate because of her deficient treatment of Ramirez's hypertension, and because Doe # 1 was aware of the risk that Ramirez's mental health would deteriorate because of his or her failure to prescribe medication, the subjective element is satisfied as to these defendants for purposes of initial review. *See Cruz-Droz v. Marquis*, No. 3:17-cv-1291 (MPS), 2018 WL 1368907, at *5 (D. Conn. Mar. 16, 2018) (subjective element satisfied where medical staff knew that delay in medical treatment caused plaintiff's "increased anxiety, panic attacks, insomnia, and post-traumatic stress syndrome"). Accordingly, Ramirez's deliberate indifference claim may proceed against Richards and Doe #1.

Whether Doe #2 was deliberately indifferent to Ramirez's serious medical needs requires a somewhat different analysis. Unlike Richards and Doe # 1, Ramirez did not directly see Doe #2 for medical care. Rather, Doe #2's role in Ramirez's medical care was limited to receiving Ramirez's medical requests and then scheduling Ramirez to see a nurse at the sick call. *See* Compl. ¶ 17. I will assume that Doe #2's act of scheduling Ramirez to see a nurse at the sick call functionally "deprived [Ramirez] of adequate medical care." *Salahuddin*, 467 F.3d at 279.

But because Ramirez eventually saw Richards and Doe #1, *see* Compl. ¶¶ 20-21, I must "focus on the challenged *delay* or *interruption* . . . rather than the [plaintiff's] *underlying medical condition* alone" to determine whether the deprivation is objectively sufficiently serious. *Smith*, 316 F.3d at 185 (emphasis in original). I will assume, for purposes of initial review, that a delay in seeing Richards or Doe #1 for "many months" exacerbated Ramirez's "extreme stress," anxiety, and depression, Compl. ¶¶ 14, 19-21; *see also id.* ¶ 25 (describing

the defendants' "acts or omissions" as the "direct and proximate cause" of Ramirez's mental health conditions), in satisfaction of the objective element. But because Doe #2 did not see Ramirez directly, I cannot conclude from Ramirez's allegations that Doe #2, unlike Richards and Doe #1, had knowledge that the delay in medical treatment was worsening Ramirez's mental health conditions. Thus, the subjective element is unsatisfied as to Doe #2. Because the subjective element is unsatisfied as to Doe #2, I must dismiss Ramirez's deliberate indifference claim against Doe #2.

### B.    Relief Sought

Ramirez seeks damages and injunctive relief. *See* Compl. ¶ 30. To the extent Ramirez asserts official capacity claims for monetary damages against Defendants (all state employees), such claims are dismissed as barred by the Eleventh Amendment. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Ramirez's request for injunctive relief—an order "commanding the defendants provide [Ramirez] with effective, meaningful[,] and ongoing medical and mental health treatment, monitoring and medicinal care," Compl. ¶ 30—is somewhat vague and overly broad. *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996) (noting that "an injunction must be more specific than a simple command that the defendant obey the law"); *Smith v. Grefinger*, 208 F.3d 203 (2d Cir. 2000) (noting it is "well-established that prison officials must provide inmates with reasonably necessary medical care") (internal quotation marks omitted) (unpublished table decision). I will nevertheless permit Ramirez to seek this injunctive relief from Defendants, though this request is subject to dismissal through the normal course.

### IV.    CONCLUSION

I enter the following orders:

9

(1) Ramirez's Eighth Amendment deliberate indifference to serious medical needs claim may proceed against Richards and Doe #1 for further development of the record.

(2) Ramirez's claims against Doe #2 are **DISMISSED** under 28 U.S.C. § 1915A(b)(1) with leave to amend.

**Ramirez has two options as to how to proceed in response to this Initial Review Order**:

(1) If Ramirez wishes to proceed immediately only on the claims set forth above that the court has allowed to proceed, he may do so without further delay. If Ramirez selects this option, he shall file a notice on the docket on or before **June 14, 2026** informing the court that he elects to proceed with service as to the claims set forth above. The court will then begin the effort to serve process in the capacity described above.

(2) Alternatively, if Ramirez wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed in order to attempt to state a viable claim, he may file an amended complaint on or before **June 14, 2026**. An amended complaint, if filed, will completely replace the complaint, and the court will not consider any allegations made in the original complaint in evaluating any amended complaint. The court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein. If Ramirez elects to file an amended complaint, the complaint addressed by this Initial Review Order will not proceed to service of process on any defendant.

If the court receives no response from Ramirez before June 14, 2026, the court will presume that Ramirez wishes to proceed on the complaint as to the claims permitted to go forward in this Initial Review Order, and he will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Changes of Address**. If Ramirez changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the court. Failure to do so may result in the dismissal of the case. He must give notice of a new address even if he is incarcerated. Ramirez should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Ramirez has more than one pending case, he should indicate all the case numbers in the notification of change of address. Ramirez should also notify Defendants or counsel for Defendants of his new address.

**SO ORDERED.**

New Haven, Connecticut
May 14, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

11